Filed 12/23/25  Conservatorship of C.V. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of the Person and Estate of C.V. | |
| JOHN MAURO, as Conservator, etc.,<br><br>Petitioner and Respondent,<br><br>v.<br><br>C.V.,<br><br>Objector and Appellant. | F088601<br><br>(Super. Ct. No. VPR050483)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from orders of the Superior Court of Tulare County.  Gary M. Johnson, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Objector and Appellant.

No appearance for Petitioner and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Franson, J. and Guerra, J.[†]

[†]    Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

Appellant C.V. (appellant) appeals from the Tulare County Superior Court's orders which granted a petition for conservatorship of her person and estate filed by petitioner, the Tulare County Public Guardian (petitioner), pursuant to the Lanterman-Petris-Short (LPS) Act (Welf. & Inst. Code, § 5000 et seq.), and the court's subsequent dismissal of the LPS conservatorship and appointment of petitioner as temporary conservator over appellant's estate in a probate conservatorship.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529. Appellant did not file a supplemental brief on her own behalf. We affirm.

## PROCEDURAL BACKGROUND

On March 18, 2021, a petition was filed in Tulare County Superior Court case No. VPR050483, for appointment of petitioner as a temporary and general conservator over appellant's person and estate. The petition alleged appellant was gravely disabled within the meaning of the LPS Act, and a hospital was the least restrictive and appropriate placement.

On March 30, 2021, the trial court convened a hearing, and appellant appeared with counsel. The court appointed petitioner as temporary conservator over appellant's person and estate, and found that appellant's placement in a hospital was the least restrictive and most appropriate placement. Appellant's counsel requested a contested hearing on the general conservatorship.

On May 25, 2021, the trial court conducted the contested hearing on the petition for a general conservatorship. Appellant appeared via videoconference and counsel was present in court. The court found appellant was gravely disabled and in need of a conservatorship over her person and estate due to a mental disability, granted the petition, appointed petitioner as conservator, and terminated the temporary conservatorship.

**Termination of Conservatorship**

On April 13, 2022, petitioner filed a petition for reappointment as appellant's conservator, and alleged the LPS conservatorship would expire on May 24, 2022, appellant continued to be gravely disabled and should continue as a conservatee, appellant was residing at a mental health treatment center, and it was the most appropriate placement. Appellant requested a contested hearing.

On June 9, 2022, petitioner filed a "First Account and Report" for the period from March 30 to May 25, 2021. On August 16, 2022, the trial court approved petitioner's first account and report.

On September 13, 2022, the trial court conducted a contested hearing on the petition to reappoint petitioner as appellant's conservator. The court reviewed petitioner's supporting documents and found appellant no longer met the criteria for a grave disability under the LPS Act, denied the petition for reappointment, and ordered termination of the conservatorship.

**New Petition for LPS Conservatorship**

On October 6, 2022, petitioner filed a new petition in case No. VPR050483, for a temporary and general conservatorship over appellant's person and estate, and alleged appellant was gravely disabled within the meaning of the LPS Act.

The petition alleged the prior conservatorship was terminated on September 13, 2022. "Soon after being released from a structured facility to live with her family, she decompensated and was hospitalized," and a hospital was the least restrictive and most appropriate placement.

On October 25, 2022, the trial court conducted a hearing on the petition, and appellant was present with counsel. The court appointed petitioner as temporary conservator of appellant's person and estate, and found a hospital was the least restrictive and most appropriate placement.

On December 13, 2022, the trial court convened the hearing on the petition for a general conservatorship. Appellant appeared with counsel. The court terminated the

temporary conservatorship, and appointed petitioner as general conservator of appellant's person and estate.

On January 10, 2023, petitioner filed the "Second and Final Account and Report" for the period from March 30 to September 13, 2022, when the original conservatorship was terminated. On March 14, 2023, the trial court approved petitioner's second and final account and report.

**Petition for Reappointment of Conservator**

On November 1, 2023, petitioner filed a petition for reappointment as appellant's conservator under the LPS Act. The petition alleged the existing conservatorship would expire on December 12, 2023, appellant continued to be gravely disabled, and appellant was residing at a mental health treatment facility which was the least restrictive and most appropriate placement. Appellant's counsel requested a contested hearing.

On January 10, 2024, petitioner filed the "First Account and Report" for the second conservatorship, from October 28, 2022, to October 27, 2023. On March 12, 2024, the trial court approved petitioner's first account and report.

**DISMISSAL OF LPS CONSERVATORSHIP**

**AND GRANT OF PROBATE CONSERVATORSHIP**

On April 16, 2024, the trial court convened what was supposed to be a contested hearing on the petition for reappointment of the LPS conservatorship in case No. VPR050483. Appellant was present via videoconference, and her attorney was in the courtroom.

The parties advised the trial court that a resolution had been reached. A petition had been filed in case No. VPR052606 for a temporary probate conservatorship over appellant's estate, and appellant agreed to the probate conservatorship. The parties agreed the court should grant the petition for the probate conservatorship, dismiss the LPS conservatorship in case No. VPR050483, petitioner would help appellant search for an apartment, and the court would set a hearing for petitioner to be the conservator in a permanent probate conservatorship.

4.

The trial court asked appellant if she understood and consented to this agreed resolution. Appellant said yes.

The trial court granted the petition in case No. VPR052606 for a temporary probate conservatorship over appellant's estate, appointed petitioner as conservator, and set a hearing for the permanent probate conservatorship. The court discharged petitioner as conservator over appellant's person and estate in the LPS conservatorship, and dismissed the petition in case No. VPR050483.

On June 4, 2024, petitioner filed the "Second and Final Account and Report" in the LPS conservatorship in case No. VPR050483, from October 28, 2023, to April 16, 2024. Petitioner also requested the trial court order delivery of the property in appellant's estate to petitioner as conservator in the probate conservatorship in case No. VPR052606.

On July 23, 2024, the trial court convened a hearing on the LPS conservatorship in case No. VPR050483, and the probate conservatorship in case No. VPR052606. Appellant was present with counsel.

The trial court approved petitioner's second and final account and report in the LPS conservatorship. The court ordered a permanent probate conservatorship in case No. VPR052606, ordered delivery of the property of appellant's estate to petitioner as conservator in the probate conservatorship, and discharged petitioner as conservator in the LPS conservatorship in case No. VPR050483.

On September 5, 2024, appellant filed a timely notice of appeal from the trial court's orders entered on July 23, 2024, in the LPS conservatorship in case No. VPR050483.

## **DISCUSSION**

As noted above, appellate counsel filed a brief with this court pursuant to *Ben C.* The brief also included counsel's declaration that appellant was advised she could file her own brief with this court. On October 13, 2025, this court advised appellant by letter that she could file a supplemental letter or brief raising any arguable issues. Appellant did not respond.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## <u>DISPOSITION</u>

The trial court's orders entered on July 23, 2024, are affirmed.